# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF IDAHO

_____

| | |
|---|---|
| In Re | |
| DARICE JONES, | **Bankruptcy Case No. 07-01203-JDP** |
| **Debtor.** | |

_____

| | |
|---|---|
| DARICE JONES on behalf of herself and THE ESTATE OF DARICE JONES, | |
| **Plaintiff,** | |
| vs. | **Adv. Proceeding No. 08-6050** |
| STATE FARM MUTUAL AUTO INSURANCE COMPANY, | |
| **Defendant.** | |

_____

## MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO DISMISS

_____

**Appearances:**

Kurt Holzer, HOLZER EDWARDS, CHARTERED, Boise, Idaho,

MEMORANDUM OF DECISION - 1

Attorneys for Plaintiff.

Julianne S. Hall, GJORDING & FOUSER, Boise, Idaho, Attorneys for Defendant.

### *Introduction*

In this adversary proceeding, Defendant State Farm Mutual Auto Insurance Company has filed a "Motion to Dismiss, or, in the Alternative, Motion Requesting Abstention or a Notice of Removal to the U.S. District Court for the State of Idaho."  Adv. Docket No. 8.[1]  The motion was briefed by the parties, after which the Court conducted a hearing on November 18, 2008, and took the issues raised by the motion under advisement.  This decision resolves the motion.[2]

### *Facts*

Unless otherwise noted, the following facts are not in dispute.

---

[1] For clarity, references to the docket in the adversary proceeding are denoted as "Adv. Docket" and references to the bankruptcy case docket as "BK Docket".

[2]  In addition, Plaintiff Darice Jones filed a motion for summary judgment, which was also taken under advisement at the hearing.  Docket No. 9. Resolution of that motion is addressed in a separate Memorandum.

MEMORANDUM OF DECISION - 2

On March 3, 2004, Plaintiff Darice Jones was involved in an automobile accident with Goldie L. Patterson.  Ms. Patterson was at fault. Plaintiff retained counsel, and on February 28, 2006, sued Ms. Patterson in state court.  Ms. Patterson's policy of insurance, issued to her by Allstate Insurance Company ("Allstate"), limited Allstate's liability for Ms. Patterson's negligence to $25,000 per incident.  Plaintiff incurred approximately $60,000 in medical expenses as a result of injuries suffered in the accident.[3]

Plaintiff was insured under a policy issued by Defendant ("Policy"). Adv. Docket No. 26, Ex. 9.  The Policy included "underinsured" motorist ("UIM") coverage in the amount of $25,000, as well as medical payments benefits in the amount of $10,000.  Adv. Docket Nos. 11, Ex. A, and 26, Ex. 3.

On March 27, 2007, Plaintiff's counsel submitted to Defendant's

---

[3] Although Defendant disputes this fact, *see* Adv. Docket No. 24, ¶¶ 11, 14, its agent stated in a letter to Plaintiff's counsel that "we believe that the value of Ms. Jones' claim is at least $60,000."  Adv. Docket Nos. 11, Ex. B and 26, Ex. 12. Moreover, the precise amount of Plaintiff's damages is not material to the issues.

MEMORANDUM OF DECISION - 3

representative several documents to support her claim for UIM benefits,

including copies of discovery responses from the state court action,

medical records and bills.[4]  Adv. Docket No. 11, Ex. D.

Plaintiff filed a voluntary chapter 7[5] bankruptcy petition on August

2, 2007.  BK Docket No. 1.   On November 14, 2007, the Court entered an

order approving the employment of Plaintiff's state court counsel, Mr.

Holzer, by Gary L. Rainsdon, chapter 7 trustee, to serve as his special

counsel to pursue recovery of Plaintiff's personal injury claim.  BK Docket

No. 26.

Although the record does not indicate a specific date, at some point,

---

[4]  For unexplained reasons, Defendant disputes deeming this submission a
"primary proof of loss".  Adv. Docket No. 24, ¶¶ 9-10.  In his letter to Defendant
accompanying the documents, Plaintiff's counsel states "[t]hese are the primary
proof of loss for Ms. Jones."  Adv. Docket Nos. 26, Ex. 10, and 11, Ex. D.  This
characterization was reiterated in a July 1, 2008 letter to Defendant.  Adv. Docket
No. 26, Ex. 11.  The record is void of any evidence that Defendant disputed that
the submission constituted a primary proof of loss at the time.  At any rate,
whether the term "primary proof of loss" is disputed or not is immaterial here.
As will be discussed later, the term "proof of loss" is one found in statute, but is
not necessarily found within the four corners of an insurance policy.

[5]  Unless otherwise indicated, all chapter and section references are to the
Bankruptcy Code, 11 U.S.C. §§ 101 – 1532, and all rule references are to the
Federal Rules of Bankruptcy Procedure, Rules 1001 – 9037.

MEMORANDUM OF DECISION - 4

Defendant paid $10,000 directly to Plaintiff's medical providers.  Adv.

Docket No. 26, Ex. 8.  That amount was eventually reimbursed to

Defendant by Allstate.

On June 11, 2008, Allstate offered to pay the amounts remaining

under the Patterson policy's liability coverage to Plaintiff.  BK Docket No.

33, Ex. A.  Plaintiff's attorney informed Defendant about Allstate's

settlement offer in a letter dated June 12, 2008.  Adv. Docket Nos. 11, Ex. G,

and 26, Ex. 4.  In that letter, counsel sought Defendant's permission to

accept Allstate's policy limits offer.  The letter also demanded that

Defendant pay Plaintiff the $10,000 in medical payments, as well as the

$25,000 in UIM benefits provided for by the Policy.  On September 2, 2008,

the Court approved this proposal as a compromise between the Plaintiff,

trustee, and Allstate.  BK Docket No. 43.

When Defendant did not make payment to Plaintiff as demanded,

on July 15, 2008, Plaintiff, acting individually and on behalf of the trustee

and bankruptcy estate, commenced this adversary proceeding against

Defendant.  Adv. Docket No. 1.  In the complaint, Plaintiff sought a

MEMORANDUM OF DECISION - 5

judgment against Defendant for the $25,000 UIM benefits, the $10,000

medical benefits, together with prejudgment interest, attorney fees and

costs as provided by Idaho Code § 41-1839.  *Id*.

On July 25, 2008, forty-two days after the June 12, 2008 letter, and

ten days after this adversary proceeding was commenced, Defendant paid

Plaintiff $35,000.  Adv. Docket No. 26, Ex. 7.

On August 4, 2008, Plaintiff filed an amended complaint seeking

only prejudgment interest in the amount of $483.42, as well as attorney

fees and costs in the amount of $11,827.80.  Adv. Docket No. 5.  Defendant

responded on September 4, 2008, with the instant motion to dismiss.  Adv.

Docket No. 8.

## *Analysis and Disposition*

Defendant's Motion to Dismiss asserts alternate grounds.  Initially,

Defendant moves for dismissal of this adversary proceeding under Federal

Rule of Civil Procedure 12(b)(1)[6] because, Defendant argues, this Court

---

[6] Fed. R. Civ. P. 12(b)(1) is applicable in adversary proceedings pursuant
to Rule 7012(b).

MEMORANDUM OF DECISION - 6

lacks subject matter jurisdiction over this action.  In the alternative, and

assuming the Court has jurisdiction, Defendant asks the Court to abstain

from adjudicating this dispute, and to instead "remand" the action to state

court.  Finally, and also alternatively, Defendant contends that this action

should be "removed" to the United States District Court.

As discussed below, none of Defendant's arguments have merit.

A.  <u>Legal Standard Applicable to a Motion to Dismiss</u>.

A defendant in a civil action may move to dismiss a complaint for

lack of subject matter jurisdiction pursuant to Federal Rule of Civil

Procedure 12(b)(1) in one of two ways.  *Plum Creek Timber Co., Inc. v. Trout*

*Unlimited,* 255 F.Supp.2d 1159, 1161-62 (D. Idaho 2003) (citing *Thornhill*

*Publ'g Co., Inc. v. General Tel. & Elec. Corp.,* 594 F.2d 730, 733 (9th Cir. 1979).

First, the defendant may challenge the complaint on its face by attacking

the sufficiency of the allegations in the complaint supporting subject

matter jurisdiction.  *Plum Creek,* 255 F.Supp.2d at 1161.  Second, a

defendant may challenge a complaint by "attacking the existence of subject

matter jurisdiction in fact."  *Id*. at 1161 (quoting *Thornhill*, 594 F.2d at 733).

MEMORANDUM OF DECISION - 7

Construing Defendant's motion fairly, the Court concludes it

mounts a facial attack on Plaintiff's invocation of the bankruptcy court's

subject matter jurisdiction.  To resolve such a challenge to jurisdiction

under Rule 12(b)(1), the trial court should apply the same standard

utilized for resolving Rule 12(b)(6) motions, which requires that the court

"consider the allegations of the complaint to be true and construe them in

the light most favorable to the plaintiff."  *Id*. at 1161-62 (citing *Love v.

United States*, 915 F.2d 1242, 1245 (9th Cir. 1989)).

B.  <u>Determining Subject Matter Jurisdiction</u>.

While the question of whether a bankruptcy court has jurisdiction

over a particular action is always fact-dependent, the legal framework

within which those facts are examined is well-established.

Bankruptcy courts are legislative courts, created by Congress under

Article I of the Constitution to administer the federal Bankruptcy Code,

found in title 11 of the United States Code.  In connection with the

sweeping revisions to the bankruptcy laws made by Congress in 1978, the

bankruptcy courts' jurisdiction was significantly expanded, a measure the

MEMORANDUM OF DECISION - 8

Supreme Court found to be constitutionally flawed a few years later.

*Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50 (1982).

To address this development, in 1984, Congress again revised

bankruptcy court jurisdiction, this time conferring jurisdiction for

bankruptcy cases and related matters upon district courts.  28 U.S.C.

§ 1334.  At the same time, Congress designated bankruptcy courts as

jurisdictional "units" of those district courts, 28 U.S.C. § 151.  Under this

new system, the district courts were authorized to refer all bankruptcy

cases and matters to the bankruptcy courts.  28 U.S.C. § 157(a).  Referred

cases and matters could be withdrawn by the district court in appropriate

cases, 28 U.S.C. § 157(d), or they could be stayed if abstention was

justified.  28 U.S.C. § 1334(c).

Because of the constitutional issues targeted in *Marathon*, Congress

apparently recognized that bankruptcy courts, as Article I courts, could

not render final judgments in all disputes falling within the broad

bankruptcy jurisdiction it had granted the district courts.  To avoid

another *Marathon*, the revised jurisdictional statutes provided that while

MEMORANDUM OF DECISION - 9

bankruptcy courts could hear and finally determine certain matters, for

others, the bankruptcy courts would instead be required to submit a report

and recommendation to the district courts for final action, which

recommendation the district courts would review de novo.   28 U.S.C.

§ 157(b).

More particularly, under the revised jurisdictional scheme, Congress

bestowed jurisdiction in the district courts over "all civil proceedings

arising under title 11, or arising in or related to cases under title 11."  28

U.S.C. § 1334(b).  In turn, 28 U.S.C. § 157(a) provides that the district court

"may provide that any or all cases under title 11 and any or all

proceedings arising under title 11 or arising in or related to a case under

title 11 shall be referred to the bankruptcy judges for the district."  The

district court in the District of Idaho has made such a reference.  *See*

General Order No. 38.[7]  Thus, to determine whether the bankruptcy court

may enter a final judgment or order resolving a dispute, the Court must

---

[7] General Order 38 has been amended several times; the most recent
amendment is via General Order 113, dated April 24, 1995.

MEMORANDUM OF DECISION - 10

determine whether this action arises under, arises in, or is related to a case under title 11.

    C.    <u>The Court has Subject Matter Jurisdiction Over this Proceeding Because it is "Related To" Plaintiff's Bankruptcy Case</u>.

In this adversary proceeding, Plaintiff sues Defendant, her insurer, to recover interest, attorneys fees and costs. Obviously, such an action does not "arise under" title 11, terminology in the jurisdictional statute which essentially refers to bankruptcy cases. *In re Vylene Enters., Inc.*, 968 F.2d 887, 889 (9th Cir. 1992) ("Bankruptcy courts may enter final orders and judgments in cases under title 11 (the Bankruptcy Code) and in core proceedings.")

This dispute also does not, in the special parlance of bankruptcy jurisdiction, "arise in" a bankruptcy case.

> Proceedings "arising in" bankruptcy cases are generally referred to as "core" proceedings, and essentially are proceedings that would not exist outside of bankruptcy, such as "matters concerning the administration of the estate," "orders to turn over property of the estate," and "proceedings to determine, avoid, or recover

MEMORANDUM OF DECISION - 11

preferences."

*Montana v. Goldin (In re Pegasus Gold Corp.)*, 394 F.3d 1189, 1193 (9th Cir.

2005); 28 U.S.C. § 157(b)(2); *see also In re Harris Pine Mills*, 44 F.3d 1431,

1435-37 (9th Cir. 1995).  The types of claims asserted by Plaintiff commonly

exist outside the context of a bankruptcy case; they do not represent the

bankruptcy-unique sorts of claims to which Congress referred in designing

"arising in" jurisdiction.

  However, under 28 U.S.C. § 1334(b), the district court, and this

bankruptcy court by its reference, is also vested with subject matter

jurisdiction over those proceedings that are "related to" a bankruptcy case.

*Pegasus Gold Corp.*, 394 F.3d at 1193.  The Ninth Circuit has adopted the so-

called *"Pacor* test" for determining the scope of "related to" jurisdiction.

*Fietz v. Great W. Sav. (In re Fietz)*, 852 F.2d 455, 457 (9th Cir. 1988).  Under

this analytical standard, the Court must ask whether:

> *the outcome of the proceeding could conceivably have
> any effect on the estate being administered in
> bankruptcy*.  Thus, the proceeding need not
> necessarily be against the debtor or against the
> debtor's property.  An action is related to

MEMORANDUM OF DECISION - 12

> bankruptcy if the outcome could alter the debtor's
> rights, liabilities, options, or freedom of action
> (either positively or negatively) and which in any
> way impacts upon the handling and
> administration of the bankrupt estate.

*Id.* (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984), *overruled on other grounds by Things Remembered, Inc. v. Patrarca*, 516 U.S. 124 (1995) (emphasis in original); *see also Pegasus Gold Corp.*, 394 F.3d at 1193; *Sea Hawk Seafoods, Inc. v. State of Alaska (In re Valdez Fisheries Dev. Ass'n, Inc.)*, 439 F.3d 545, 547-48 (9th Cir. 2006); *In re Balboa Improvements, Ltd.*, 99 B.R. 966, 969 (9th Cir. BAP 1989); *Agincourt, L.L.C. v. Stewart (In re Lake Country Inv., L.L.C.)*, 00.3 I.B.C.R. 138, 141 (Bankr. D. Idaho 2000).

Defendant insists this Court lacks subject matter jurisdiction over this adversary proceeding under the *Pacor* test because Plaintiff's claims against are for a personal injury tort.[8]  Defendant further argues that because Plaintiff's cause of action did not arise until July, 2008, after

---

[8]  While it is unclear from its brief, Defendant's argument is likely premised upon the related statutory requirement that personal injury tort claims be tried in the district court in which the bankruptcy case is pending, or in which the claim arose.  28 U.S.C. § 157(b)(5).

MEMORANDUM OF DECISION - 13

Plaintiff received a discharge, any recovery would not be property of the

bankruptcy estate. The Court will consider these contentions, taking as

true all allegations in Plaintiff's amended complaint, and construing the

facts in a light most favorable to Plaintiff.

As noted above, the test for whether Plaintiff's action is sufficiently

"related to" a bankruptcy case as to establish this Court's subject matter

jurisdiction is "whether the outcome of the proceeding could conceivably

have any effect on the estate being administered in bankruptcy." *Fietz*, 852

F.2d at 457. Put another way, although a "related to" action need not be

targeted against a debtor, it is clear that it must somehow affect the

property or the administration of the bankruptcy estate. *Balboa*

*Improvements, Ltd.*, 99 B.R. at 969 (citing *Pacor*, 743 F.2d at 994).

Defendant is simply incorrect in asserting that this adversary

proceeding is, at bottom, a personal injury tort claim. While a tort

apparently occurred in connection with the auto accident in which Plaintiff

was injured, it was Patterson (not Defendant) who committed it, and she is

not a party to this action. Instead, this is an action by Plaintiff under Idaho

MEMORANDUM OF DECISION - 14

law to recover sums due to her arising out of her contract of insurance

with Defendant.  If Plaintiff succeeds in this adversary proceeding, and

recovers the prejudgment interest and attorneys fees she seeks from

Defendant, that recovery would constitute property of Plaintiff's

bankruptcy estate.  Indeed, Plaintiff has never disputed the estate's

entitlement to any recovery.  Clearly, then, because any recovery by

Plaintiff from Defendant will be available for distribution in her

bankruptcy case to creditors, the outcome of this action bears significantly

on the administration of Plaintiff's bankruptcy estate.  In other words, this

adversary proceeding is obviously "related to" the bankruptcy case for

purposes of vesting subject matter jurisdiction in the district court.

Defendant also argues that Plaintiff's claims against Defendant did

not arise until July, 2008, when Defendant allegedly failed to timely pay

her policy claim.  According to Defendant, because of this, and since by

that time Plaintiff had received a discharge, any recovery in this action

would not constitute property of Plaintiff's bankruptcy estate.  The Court

disagrees.

MEMORANDUM OF DECISION - 15

Section 541(a) provides a broad definition of the property included in a debtor's estate.  It provides, in pertinent part:

> Such estate is comprised of all of the following property, wherever located and by whomever held:
> > (1) Except as provided in [subsections not applicable here], all legal or equitable interests of the debtor in property as of the commencement of the case."

11 U.S.C. § 541(a)(1).  Section 541(a)(6) provides that proceeds of property of the estate also constitute property of the estate.

On August 2, 2007, Plaintiff commenced her bankruptcy case by filing a bankruptcy petition, and as a result, the bankruptcy estate came into existence.  Plaintiff's accident with Ms. Patterson had occurred over three years earlier.  On the date she filed for bankruptcy, then, Plaintiff's claim for damages against Ms. Patterson had accrued and constituted property of her bankruptcy estate.

In addition, Plaintiff's contingent claim under the Policy to recover benefits from Defendant, in the event Ms. Patterson's insurance coverage eventually proved inadequate, had also arisen.  While determining the

MEMORANDUM OF DECISION - 16

extent of Defendant's obligations under the Policy may have depended

upon subsequent events, such as the extent of Plaintiff's medical costs and

other recoverable damages, there can be no doubt that Defendant's

potential liability was already in play.  As such, while Plaintiff's claim

against Defendant under the Policy may have been unliquidated, her

contractual right to recover from Defendant was clearly rooted in the

prebankruptcy past.  *Segal v. Rochelle*, 382 U.S. 375, 380 (1966); *Rau v.

Ryerson (In re Ryerson)*, 739 F.2d 1423, 1426 (9th Cir. 1984); *Johnson v. Taxel

(In re Johnson)*, 178 B.R. 216, 218 (9th Cir. BAP 1995).  Plaintiff's contingent

claim against Defendant was property of the bankruptcy estate, and any

recovery would constitute proceeds of that claim, and would also be

included in the bankruptcy estate.

The Court concludes it has "related to" jurisdiction over this

adversary proceeding.  Even so, under the reference scheme discussed

above, bankruptcy judges may only hear, determine and enter final

judgments in "arising under" and "arising in" proceedings referred to

them by the district courts.  28 U.S.C. § 157(b)(1).  These actions are

MEMORANDUM OF DECISION - 17

denominated "core proceedings" by the statutes. *Id.* The jurisdictional

provisions contain a long, nonexclusive list of examples of core

proceedings. 28 U.S.C. § 157(b)(2)(A)-(P).

By contrast, 28 U.S.C. § 157(c) provides that:

> (1) A bankruptcy judge may hear a proceeding
> that is not a core proceeding but that is otherwise
> related to a case under title 11. In such
> proceeding, the bankruptcy judge shall submit
> proposed findings of fact and conclusions of law
> to the district court, and any final order or
> judgment shall be entered by the district judge
> after considering the bankruptcy judge's
> proposed findings and conclusions and after
> reviewing de novo those matters to which any
> party has timely and specifically objected.
>
> (2) Notwithstanding the provisions of paragraph
> (1) of this subsection, the district court, with the
> consent of all the parties to the proceeding, may
> refer a proceeding related to a case under title 11
> to a bankruptcy judge to hear and determine and
> to enter appropriate orders and judgments,
> subject to review under section 158 of this title.

As explained above, because Plaintiff asserts a state law claim, this is

MEMORANDUM OF DECISION - 18

a "related to" action, and this adversary proceeding is non-core.[9]  While

under 28 U.S.C. § 157(b)(1), a bankruptcy judge may "hear" this

proceeding, because Defendant has not consented to the entry of a final

judgment by the bankruptcy judge, this Court must submit its

recommendations for entry of any final orders or judgments to the district

court.

    D.  <u>The Court Declines to Abstain/Remand</u>.

    If the Court determines it has jurisdiction to decide the issues raised

in this action, Defendant requests that the Court decline to do so, and

instead abstain in the interests of comity and justice.  Defendant concedes

that mandatory abstention required under 28 U.S.C. § 1334(c)(2) does not

apply in this action, but requests that the Court exercise its discretion to

abstain as authorized in 28 U.S.C. § 1334(c)(1).  That statute provides:

> Except with respect to a case under chapter 15 of
> title 11, nothing in this section prevents a district
> court in the interest of justice, or in the interest of
> comity with State courts or respect for State law,

---

[9] Bankruptcy judges may determine whether a proceeding is core or non-core.  28 U.S.C. § 157(b)(3).

MEMORANDUM OF DECISION - 19

> from abstaining from hearing a particular
> proceeding arising under title 11 or arising in or
> related to a case under title 11.

28 U.S.C. § 1334(c)(1).

The Ninth Circuit has identified several factors for the Court to

consider in deciding whether to abstain under 28 U.S.C. § 1334(c)(1):

> (1) the effect or lack thereof on the efficient
> administration of the estate if a Court recommends
> abstention;
> (2) the extent to which state law issues predominate
> over bankruptcy issues;
> (3) the difficulty or unsettled nature of the applicable
> law;
> (4) the presence of a related proceeding commenced in
> state court or other nonbankruptcy court;
> (5) the jurisdictional basis, if any, other than 28 U.S.C.
> § 1334;
> (6) the degree of relatedness or remoteness of the
> proceeding to the main bankruptcy case;
> (7) the substance rather than form of an asserted
> "core" proceeding;
> (8) the feasibility of severing state law claims from core
> bankruptcy matters to allow judgments to be entered in
> state court with enforcement left to the bankruptcy
> court;
> (9) the burden of [the bankruptcy court's] docket;
> (10) the likelihood that the commencement of the
> proceeding in bankruptcy court involves forum
> shopping by one of the parties;

MEMORANDUM OF DECISION - 20

(11) the existence of a right to a jury trial; and
(12) the presence in the proceeding of nondebtor
parties.

*Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.)*, 912 F.2d 1162,

1167 (9th Cir. 1990) (quoting *In re Republic Reader's Serv., Inc.*, 81 B.R. 422,

429 (Bankr. S.D. Tex. 1987)).  *See also Allied Capital, Inc. v. Gibson (In re*

*Gibson)*, 349 B.R. 54, 57 (Bankr. D. Idaho 2006).  The Court has considered

each of the *Tucson Estates* factors, and exercising its discretion, concludes

that it should not abstain from adjudicating this adversary proceeding.

Admittedly, there are factors present here weighing in favor of

abstention:  determination of the issues involves only state law; there is a

nondebtor party; and perhaps most importantly, a jury trial has been

requested.[10]

Despite these considerations, the Court believes abstention is not

appropriate here.  The remaining issues in this action appear to be

---

[10]  Under 28 U.S.C. § 157(e), if the right to a jury trial applies in an action,
the bankruptcy judge may conduct that trial if the parties expressly consent.
While the Court has not solicited the parties' consent to do so, in light of
Defendant's refusal to allow the bankruptcy judge to enter a final judgment in
this action, the Court presumes such consent would not be forthcoming.

MEMORANDUM OF DECISION - 21

questions of law, not fact, and turn upon the legal consequences of the

manner in which Plaintiff submitted the proof of loss to Defendant.  What

Plaintiff did in this regard, and when she did it, are not in dispute; the

question for resolution is merely when Plaintiff's actions satisfied her

obligations under the Policy and state law, thereby triggering Defendant's

duty to pay her.  In this sense, the Court doubts the need for a jury trial.

As compared to abstaining, the Court believes the parties' rights and

liabilities may be resolved more efficiently if this action continues in the

bankruptcy court.  If the Court abstains, a new action must be commenced

in state court.  Based upon its experience, this Court is confident that it can

move this action to a conclusion more swiftly than a state court.

The Court is also concerned that, given the relatively small amounts

in controversy,[11] Defendant's request for abstention may be motivated by a

desire for what Defendant considers a more favorable forum, or perhaps

simply as a means to delay resolution on the merits.  Prolongation of the

---

[11]  The Amended Complaint seeks $11,827.80 in attorneys fees and $483.42
in prejudgment interest for a total of $12,311.22.

MEMORANDUM OF DECISION - 22

action only serves to cause both parties to expend more time and more

money in litigation costs.

On balance, the Court concludes the factors weigh in favor of

retaining the adversary proceeding in bankruptcy court, and not

abstaining.

E.  This Action May Not be "Removed" to District Court.

Finally, Defendant requests that this adversary proceeding be

"removed" to the district court.  It cites 28 U.S.C. § 1452(a) to support its

request, which provides:

> A party may remove any claim or cause of action
> in a civil action [other than certain types of
> actions not applicable here] to the district court
> for the district where such civil action is pending,
> if such district court has jurisdiction of such claim
> or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

As discussed above, jurisdiction over this action is already vested in

the district court:  "the bankruptcy judges in regular active service shall

constitute a unit of the district court to be known as the bankruptcy court

for that district."  28 U.S.C. § 151.  Therefore, this adversary proceeding

MEMORANDUM OF DECISION - 23

cannot be "removed" to district court under 28 U.S.C. § 1452(a).[12]

## *Conclusion*

In summary, the Court concludes that it has subject matter jurisdiction over this adversary proceeding because it is related to Plaintiff's bankruptcy case. In the exercise of its discretion, the Court declines to abstain. Finally, the action cannot be "removed" to the district court.

Defendant's motion to dismiss and for alternative relief will be denied by separate order.[13]

///

///

_____

[12] As opposed to "removal", by its somewhat imprecise pleading, Defendant's counsel was perhaps seeking an order withdrawing the reference of this action from the district court to the bankruptcy court. Such relief, however, can only be obtained from the district court. 28 U.S.C. § 157(d); Rule 5011(a) (providing that "A motion for withdrawal of a case or proceeding shall be heard by a district judge.").

[13] An order denying a motion to dismiss is not a final order, and therefore, this Court need not make a recommendation to the district court concerning such a disposition of Defendant's motion. *Catlin v. U.S.*, 324 U.S. 229, 233 (1945); *Benny v. England (In re Benny)*, 791 F.2d 712, 718 (9th Cir. 1986); *Goralnick v. Bromberg (In re Goralnick)*, 81 B.R. 570, 571 n.3 (9th Cir. BAP 1987).

MEMORANDUM OF DECISION - 24

Dated: February 10, 2009

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge