## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF IDAHO

_____

| | |
|---|---|
| In Re<br><br>DARICE JONES,<br><br>   **Debtor.** | **Bankruptcy Case<br>No. 07-01203-JDP** |

_____

| | |
|---|---|
| DARICE JONES on behalf of herself and THE ESTATE OF DARICE JONES,<br><br>   **Plaintiff,**<br>**vs.**<br><br>STATE FARM MUTUAL AUTO INSURANCE COMPANY,<br><br>   **Defendant.** | **Adv. Proceeding No. 08-6050** |

_____

### MEMORANDUM OF DECISION AND PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

_____

MEMORANDUM OF DECISION, PROPOSED FINDINGS OF FACT AND
CONCLUSIONS OF LAW - 1

**Appearances:**

Kurt Holzer, HOLZER EDWARDS, CHARTERED, Boise, Idaho, Attorneys for Plaintiff.

Julianne S. Hall, GJORDING & FOUSER, Boise, Idaho, Attorneys for Defendant.

### *Introduction*

Before the Court for disposition is Plaintiff Darice Jones' Motion for Summary Judgment. Adv. Docket No. 9.[1] After briefing by the parties, the Court conducted a hearing concerning this motion on November 18, 2008, and took the issues under advisement. Having fully considered the record and arguments of the parties, this Memorandum will constitute the Court's proposed findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 9033.[2]

---

[1] For the sake of clarity, when the Court refers to the docket in the adversary proceeding, it will denote the docket as "Adv. Docket". When referring to the underlying bankruptcy docket, the Court will use the designation "BK Docket".

[2] In a separate decision, the Court has concluded that this action is, for jurisdictional purposes, a non-core "related to" proceeding. Since Defendant has not consented to entry of a final judgment by the bankruptcy court, pursuant to

MEMORANDUM OF DECISION, PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW - 2

### *Legal Standard for Resolution of Summary Judgment Motions*

Summary judgment may be granted if, when the evidence is viewed in a light most favorable to the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c), incorporated by Fed. R. Bankr. P. 7056; *Leimbach v. Lane (In re Lane)*, 302 B.R. 75, 81 (Bankr. D. Idaho 2003) (citing *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 992 (9th Cir. 2001)).

The Court does not weigh evidence in resolving such motions, but rather determines only whether a material factual dispute remains for trial. *Leimbach*, 302 B.R. at 81 (citing *Covey v. Hollydale Mobilehome Estates*, 116 F.3d 830, 834 (9th Cir. 1997)).  A dispute is genuine if there is sufficient evidence for a reasonable fact finder to hold in favor of the non-moving party.  A fact is "material" if it might affect the outcome of the case.  *Id.*

---

28 U.S.C. § 157(c), this Court must submit its proposed findings of fact, conclusions of law, and recommendation to the district court for entry of a judgment.  Fed. R. Bankr. P. 7052; 9033.  At the appropriate time, upon resolution of remaining issues discussed below, the Court will make its submission to the district court.

MEMORANDUM OF DECISION, PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW - 3

(citing *Far Out Prods.*, 247 F.3d at 992).

The initial burden of showing there is no genuine issue of material fact rests on the moving party. *Esposito v. Noyes (In re Lake Country Invs.)*, 255 B.R. 588, 597 (Bankr. D. Idaho 2000) (citing *Margolis v. Ryan*, 140 F.3d 850, 852 (9th Cir. 1998)). If the non-moving party bears the ultimate burden of proof on an element at trial, that party must make a showing sufficient to establish the existence of that element in order to survive a motion for summary judgment. *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

### Proposed Findings of Fact

The following facts, appearing from the record, are either undisputed or, as required by the case law discussed above, viewed in a light most favorable to the Defendant, the non-moving party.

On March 3, 2004, Plaintiff Darice Jones was involved in an automobile accident with Goldie L. Patterson. Ms. Patterson was at fault.

Plaintiff retained counsel, and on February 28, 2006, she sued Ms.

MEMORANDUM OF DECISION, PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW - 4

Patterson in state court.  Ms. Patterson was insured by Allstate Insurance

Company ("Allstate").  Ms. Patterson's insurance policy limited Allstate's

liability for her negligence to $25,000 per incident.  Plaintiff incurred

approximately $60,000 in medical expenses as a result of injuries suffered

in the accident.[3]

Plaintiff filed a chapter 7 bankruptcy petition on August 2, 2007.[4]  BK

Docket No. 1.  Gary L. Rainsdon was appointed to serve as chapter 7

trustee.  On November 14, 2007, the Court approved the trustee's

employment of Plaintiff's state court counsel, Mr. Holzer, to serve as

special counsel to represent both Plaintiff and the trustee to pursue

collection of damages arising from Plaintiff's personal injury.  BK Docket

No. 26.

-----

[3]  Although Defendant formally disputes this fact, *see* Adv. Docket No. 24,
¶¶ 11, 14, its agent stated in a letter to Plaintiff's counsel that "we believe that the
value of Ms. Jones' claim is at least $60,000."  Adv. Docket Nos. 11, Ex. B and 26,
Ex. 12.  Moreover, as discussed below, the precise amount of Plaintiff's medical
expenses is not material to resolution of the issues raised by Plaintiff's motion.

[4]  Case No. 07-01203-JDP.

MEMORANDUM OF DECISION, PROPOSED FINDINGS OF FACT AND
CONCLUSIONS OF LAW - 5

Plaintiff was insured under a policy issued by Defendant (the

"Policy").  Adv. Docket No. 26, Ex. 9.  The Policy provided underinsured

motorist ("UIM") coverage benefits for Plaintiff in the amount of $25,000,

as well as medical payments benefits in the amount of $10,000.  Adv.

Docket Nos. 11, Ex. A, and 26, Ex. 3.

On March 27, 2008,[5] Plaintiff's lawyer sent Defendant's

representative a letter containing various documents to support a claim for

UIM benefits under the Policy, including discovery responses from the

state court action, and medical records and bills.[6]  Adv. Docket No. 26, Ex.

---

[5] The Amended Complaint alleges that this letter was sent on March 27, 2007.  Adv. Docket No. 5, ¶ 15.

[6] For unexplained reasons, in this action, Defendant disputes that this letter and submission of documents constitutes a "primary proof of loss".  Adv. Docket No. 24, ¶¶ 9-10.  In his letter to Defendant accompanying the documents, Plaintiff's counsel states "[t]hese are the primary proof of loss for Ms. Jones."  Adv. Docket Nos. 26, Ex. 10, and 11, Ex. D.  This characterization was reiterated in a July 1, 2008 letter to Defendant.  Adv. Docket No. 26, Ex. 11.  The record contains no  evidence to show that Defendant disputed that the submission constituted a primary proof of loss at the time.  In any event, whether the term "primary proof of loss" is disputed or not is immaterial here.  As discussed below, while the term "proof of loss" is found in the applicable statute, it is not necessarily found in the provisions of the Policy.

MEMORANDUM OF DECISION, PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW - 6

10.   Although the record does not indicate a specific date, at some point,

Defendant paid $10,000 directly to Plaintiff's medical providers.  Adv.

Docket No. 26, Ex. 8.  That amount was later reimbursed to Defendant by

Allstate.

On June 11, 2008, Allstate offered to pay the remaining funds

available under the liability coverage of the Patterson policy to Plaintiff.[7]

BK Docket No. 33, Ex. A.   Plaintiff's attorney informed Defendant about

the Allstate offer in a letter dated June 12, 2008.  Adv. Docket No. 26, Ex. 4.

In that letter, counsel sought Defendant's permission to accept Allstate's

policy limits offer.  The letter also demanded that Defendant pay Plaintiff

the $10,000 in medical payments benefits, together with the $25,000 UIM

benefits, as provided by the Policy.  When Defendant did not pay, on July

15, 2008, Plaintiff, acting individually and on behalf of her bankruptcy

estate, commenced this adversary proceeding against Defendant.  Adv.

Docket No. 1.  In the Complaint, Plaintiff sought judgment against

---

[7]  The Court approved this settlement between the trustee, through his
special counsel, and Allstate.  BK Docket No. 43.

MEMORANDUM OF DECISION, PROPOSED FINDINGS OF FACT AND
CONCLUSIONS OF LAW - 7

Defendant for the $25,000 UIM benefits, the $10,000 medical benefits, plus prejudgment interest, and attorney fees and costs pursuant to Idaho Code § 41-1839. *Id*.

On July 25, 2008, forty-two days after the June 12, 2008 letter, and ten days after this adversary proceeding was commenced, Defendant paid Plaintiff $35,000. Adv. Docket No. 26, Ex. 7.

On August 4, 2008, Plaintiff filed an Amended Complaint in this action. In light of Defendant's payment, it sought only prejudgment interest in the amount of $483.42, as well as reimbursement of Plaintiff's attorney fees and costs in the amount of $11,827.80. Adv. Docket No. 5. Defendant responded on September 4, 2008 with a motion to dismiss for lack of jurisdiction and for other relief. Adv. Docket No. 8. Plaintiff then filed the instant motion for summary judgment. Adv. Docket No. 9. In a companion decision and order entered this same date, the Court has denied Defendant's motion to dismiss. *See* Memorandum Decision dated February 10, 2009, Adv. Docket No. 29.

MEMORANDUM OF DECISION, PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW - 8

*Proposed Disposition of Issues and Conclusions of Law*

In this action, Plaintiff seeks to recover from Defendant the

prejudgment interest accruing on her claim under the Policy, and

reimbursement of her attorneys fees and costs, all pursuant to Idaho Code

§ 41-1839.  That statute provides:

> Any insurer issuing any policy, certificate or
> contract of insurance, surety, guaranty or
> indemnity of any kind or nature whatsoever,
> which shall fail for a period of thirty (30) days
> after proof of loss has been furnished as provided
> in such policy, certificate or contract, to pay to the
> person entitled thereto the amount justly due
> under such policy, certificate or contract, shall in
> any action thereafter brought against the insurer
> in any court in this state for recovery under the
> terms of the policy, certificate or contract, pay
> such further amount as the court shall adjudge
> reasonable as attorney's fees in such action.

Idaho Code § 41-1839(1).

In *Martin v. State Farm Mut. Auto. Ins. Co.*, 61 P.3d 601, 604 (Idaho

2002), the Idaho Supreme Court explained that the purpose of Idaho Code

§ 41-1839 is:

MEMORANDUM OF DECISION, PROPOSED FINDINGS OF FACT AND
CONCLUSIONS OF LAW - 9

> to provide an incentive for insurers to settle just
> claims in order to reduce the amount of litigation
> and the high costs associated with litigation.
> *Hansen v. State Farm Mut. Auto. Ins. Co.*, 735 P.2d
> 974, 982 (Idaho 1987).  This Court has held that
> the statutory attorney fee is not a penalty but is an
> additional sum rendered as compensation when
> the insured is entitled to recover under the
> insurance policy, "to prevent the sum therein
> provided from being diminished by expenditures
> for the services of an attorney . . . ."  *Halliday v.
> Farmers Ins. Exchange*, 404 P.2d 634, 637 (Idaho
> 1965).

*Martin*, 61 P.3d at 604.

For Plaintiff to recover from Defendant under this statute, she must

demonstrate that : (1) she provided a proof of loss to Defendant as required

by the insurance policy; and (2) Defendant failed to pay an amount justly

due under that policy within thirty days of such proof of loss.  *Parsons v.

Mutual of Enumclaw Ins. Co.*, 152 P.3d 614, 617-18 (Idaho 2007); *Martin*, 61

P.3d 601, 604 (Idaho 2002).[8]

---

[8] While other requirements have at times been read into the statute, the
Idaho Supreme Court has rejected those additions.  *Martin*, 61 P.3d at 247
(rejecting requirement that the insurer's failure to pay must compel the insured
to bring suit against the insurer in order to recover for the loss); *Assoc. Discount*

MEMORANDUM OF DECISION, PROPOSED FINDINGS OF FACT AND
CONCLUSIONS OF LAW - 10

Plaintiff contends that all elements of the statute have been met with respect to her claim against Defendant. Defendant argues that Plaintiff's proof of loss was deficient in several respects, and therefore, its payment to Plaintiff was not late under the statute.

1. <u>Proof of Loss</u>.

Plaintiff must show she provided an adequate proof of loss to Defendant as required under the terms of the Policy. Plaintiff maintains that she did so with the information provided in her attorney's letter to Defendant's representative dated March 27, 2008, as supplemented by his letter sent on June 12, 2008.

Defendant contends Plaintiff's proof of loss was deficient because she failed to provide Defendant a copy of various documents from Plaintiff's bankruptcy file. According to Defendant, this failure contravenes three provisions of the Policy. The first policy provision cited by Defendant requires that Plaintiff "cooperate with [Defendant], and

_____

*Corp. of Idaho v. Yosemite Ins. Co.*, 526 P.2d 854 (Idaho 1973) (rejecting requirement of evidence that insurer has acted unreasonably or unjustly).

MEMORANDUM OF DECISION, PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW - 11

when asked, assist [Defendant] in: (b) securing and giving evidence". Adv.

Docket No. 26, Ex. 9 p. 5. Second, Defendant notes that Plaintiff must

"give [Defendant] all the details about the death, injury, treatment and

other information we need to determine the amount payable." *Id*. Finally,

Defendant points out that the Policy required Plaintiff to "send

[Defendant] at once a copy of all suit papers if the **person** sues the party

liable for the accident for damages." *Id*. (emphasis in original; designates a

defined term within the Policy). *Id*.

There is no question that Defendant asked for the bankruptcy

papers, and Plaintiff declined to provide them. In his June 12, 2008

response to the letters from Plaintiff's attorney, Defendant's claims

representative requested that Plaintiff's attorney provide Defendant copies

of the petition, schedules and other filings made by Plaintiff in the

bankruptcy court. Adv. Docket No. 26, Ex. 5. Defendant's agent sent

another letter to Plaintiff's attorney, dated July 3, 2008, explaining that, in

his words, Plaintiff's case represented "unique circumstances" and that the

MEMORANDUM OF DECISION, PROPOSED FINDINGS OF FACT AND
CONCLUSIONS OF LAW - 12

bankruptcy court filings were "critical to being able to understand our

insured's claim" and once again requesting that Plaintiff provide the

bankruptcy documentation.  Adv. Docket No. 26, Ex. 12.

Plaintiff's attorney responded with a letter dated July 8, 2008 which,

among other things, reminded Defendant's agent that (1) the information

from Plaintiff's bankruptcy file Defendant had requested was readily

available to the public (and to Defendant) through this Court's internet

website, (2) that the thirty-day clock was running on Defendant's

obligation to make payment to Plaintiff on her claim under the Idaho

statutes, and (3) that he intended to sue Defendant if payment was not

timely made.  Adv. Docket No. 26, Ex. 6.

Defendant then sent a July 14, 2008 letter to Plaintiff's attorney, this

time from a different representative, indicating that he "was not aware the

needed bankruptcy information is available to State Farm on-line" and that

while he had attempted to access the bankruptcy court's electronic files, he

had been unsuccessful in finding "anything to do with the court

MEMORANDUM OF DECISION, PROPOSED FINDINGS OF FACT AND
CONCLUSIONS OF LAW - 13

proceedings on Mr. [sic] Jones or the bankruptcy estate."  Adv. Docket No.

26, Ex. 13.  The representative chided Plaintiff's attorney, noting that "I

can't believe that as the legal representative for the estate you don't have

the requested information readily available to provide to us."  The

representative then sought "directions for obtaining the information on-

line . . . ."  *Id*.

Plaintiff never provided the requested documents, and Defendant

eventually made payment to Plaintiff on July 25.  Defendant argues that it

needed documents from Plaintiff's bankruptcy file in order to evaluate

Plaintiff's claim under the policy, and contends that Plaintiff failed to

provide them in violation of her duties under the Policy.  Therefore,

Defendant argues Plaintiff never submitted an adequate proof of loss to

Defendant.

The Policy does not define what constitutes a proper "proof of loss,"

nor is that term defined by statute.[9]  But the case law is clear about the

---

[9]  Idaho Code § 41-1831 provides that an insurer "shall furnish, upon
written request of any person claiming to have a loss under an insurance contract

MEMORANDUM OF DECISION, PROPOSED FINDINGS OF FACT AND
CONCLUSIONS OF LAW - 14

purpose served by a proof of loss.  In *Brinkman v. Aid Ins. Co.*, 766 P.2d 1227

(Idaho 1988) (*overruled in part by Greenough v. Farm Bureau Mut. Ins. Co. of

Idaho*, 130 P.3d 1127 (Idaho 2006), where the relevant insurance policy

likewise included no definition of "proof of loss," the court stated:

> The purpose of a provision for notice and proofs
> of loss is to allow the insurer to form an
> intelligent estimate of its rights and liabilities, to
> afford it an opportunity for investigation, and to
> prevent fraud and imposition upon it.

*Brinkman*, 766 P.2d at 1230-31 (citing 44 Am.Jur.2d, "Insurance," § 1323, p.

250).  The *Brinkman* court later reiterated that "[t]he purpose of proof of

loss statements, in general, is to furnish the insurer with the particulars of

the loss and all data necessary to determine its liability and the amount

thereof, if any."  *Id*. at 1231 (citing 3 Appleman, *Insurance Law and Practice*,

§ 1471, p. 147 (revised edition 1967)).  Finally, after considering the

foregoing statements, the *Brinkman* court concluded:

---

issued by such insurer, forms of proof of loss for completion by such person . . . "
There is no indication that Plaintiff ever requested such forms, or that Defendant
ever provided them.

MEMORANDUM OF DECISION, PROPOSED FINDINGS OF FACT AND
CONCLUSIONS OF LAW - 15

> From these purposes, we draw the following
> conclusions.  The insured, when required to do so
> under his policy, should provide the information
> reasonably available to him regarding his injury
> and the circumstances of the accident.
>
> The amount of information provided should be
> proportional to the amount reasonably available
> to the insured.  If the information provided is
> insufficient to give the insurer an opportunity to
> investigate and determine its liability, the insurer
> may deny coverage.  Otherwise, the insurer must
> investigate and/or determine its rights and
> liabilities.  The documentation is the "proof."  The
> explanation of physical and/or financial injury is
> the "loss."

*Brinkman*, 766 P.2d at 1231.

The Court will assume that Defendant was justified in requesting

information about Plaintiff's bankruptcy filing in responding to her claim

under the Policy.  Perhaps Defendant was concerned about whether

Plaintiff or the trustee should properly be paid any benefits.  But even so, it

must also be kept in mind that the Policy clearly provides that

"[b]ankruptcy or insolvency of the *insured* or his or her estate shall not

relieve us of our obligations."  Adv. Docket No. 26, Ex. 9 p. 22 (emphasis in

MEMORANDUM OF DECISION, PROPOSED FINDINGS OF FACT AND
CONCLUSIONS OF LAW - 16

original; designates a defined term within the Policy).  While perhaps

bearing on *to whom to pay* the benefits under the Policy, Defendant cannot

argue that its duty to pay in the first instance was impacted by Plaintiff's

bankruptcy filing.

As a matter of convenience, perhaps even professional courtesy,

Plaintiff's attorney likely should have provided the bankruptcy filings to

Defendant's claims representatives.  Still, all the documentation requested

by Defendant's agents from Plaintiff's attorney are to be found in this

Court's electronic files, freely available to the public by computer via its

internet website.  In terms of promoting an expeditious resolution of

Plaintiff's claim, her attorney was not unjustified in asking Defendant to

consult the Court's file, rather than undertaking to print and provide hard

copies of the bankruptcy filings.  That Defendant's professional claims

agents were "unaware" of the existence of the free public electronic court

records, or that they lacked the ability to use the website or needed

"directions" on how to access those records, if true, reflect business

MEMORANDUM OF DECISION, PROPOSED FINDINGS OF FACT AND
CONCLUSIONS OF LAW - 17

decisions made by Defendant, not matters that should be allowed to

prejudice Plaintiff's right to prompt payment of her claims.  Put another

way, while Defendant's need for information from Plaintiff's bankruptcy

file may have been reasonable, Defendant's representatives' insistence that

Plaintiff's attorney provide them hard-copy documents, coupled with their

apparent failure to simply access the public records themselves, was not

reasonable.  Accordingly, Plaintiff's failure to provide bankruptcy court

documents did not amount to a violation of any of the provisions of the

Policy, nor render Plaintiff's proof of loss deficient under the Idaho statute.

Under these circumstances, the Court declines to bless Defendant's failure

to pay Plaintiff promptly solely because of its agents' preference for paper

copies of readily available electronic public records.

> 2.  <u>Commencement of the Thirty Days</u>.

Defendant raises an additional argument about the adequacy of

Plaintiff's proof of loss.  Plaintiff contends that she submitted information

to Defendant that constituted a proper proof of loss, and thus activated the

MEMORANDUM OF DECISION, PROPOSED FINDINGS OF FACT AND
CONCLUSIONS OF LAW - 18

thirty-day clock for payment of her claim, at the time her counsel sent his

June 12, 2008 letter to Defendant's claims representative. Defendant

contends that its duty to make payment of UIM benefits did not arise at

that time because Allstate had not as yet tendered its full liability policy

limits. The Court disagrees with Defendant.

It is true that the Policy provides that Defendant's obligation to pay

the UIM benefits to Plaintiff did not arise until Allstate, the adverse

driver's insurer, paid the limits of its policy.[10]  However, under the statute,

the time limit for payment is not based upon satisfaction of this condition.

Instead, Idaho Code § 41-1839(1) provides that the thirty-day clock began

to run when Plaintiff submitted a proper proof of loss to Defendant. That

Allstate had offered to pay its policy limits, but had not actually given

Plaintiff a check, did not affect the date of Plaintiff's submission of her

---

[10]   Plaintiff's UIM policy provides that "THERE IS NO COVERAGE
UNTIL THE LIMITS OF LIABILITY OF ALL BODILY INJURY LIABILITY
BONDS AND POLICIES THAT APPLY HAVE BEEN USED UP BY PAYMENT
OF JUDGMENTS OR SETTLEMENTS."  Adv. Docket No. 26, Ex. 9 p. 12
(capitalization in original).

MEMORANDUM OF DECISION, PROPOSED FINDINGS OF FACT AND
CONCLUSIONS OF LAW - 19

proof of loss.  Recall, the Idaho courts have held that"[i]f the information

provided [by the insured to the insurer] is insufficient to give the insurer

an opportunity to investigate and determine its liability, the insurer may

deny coverage.  *Otherwise, the insurer must investigate and/or determine its*

*rights and liabilities*."  *Brinkman*, 766 P.2d at 1231 (emphasis supplied).

In the March 27, 2008 letter, Plaintiff had already submitted

information to Defendant concerning the details of the accident, as well

data and documentation concerning her medical bills.  Defendant never

disputed that Plaintiff's total damages would exceed the liability limits in

Patterson's Allstate policy.  Then, in the June 12, 2008 letter, Plaintiff's

attorney confirmed to Defendant that Allstate had indeed made a policy

limits offer to Plaintiff.  At that point, had it elected to do so, Defendant

had all the information available it needed to "investigate and determine

its rights and liabilities" to Plaintiff.  Presumably, a simple phone call from

Defendant to Allstate would have allowed Defendant to confirm that a

policy limits payment was being made by Allstate.  In short, the letter to

MEMORANDUM OF DECISION, PROPOSED FINDINGS OF FACT AND
CONCLUSIONS OF LAW - 20

Defendant of June 12, 2008 was the final piece of information necessary to

enable Defendant to effectively investigate and determine its liability.

In sum, the Court concludes that, as a matter of law,[11] Plaintiff

submitted an adequate proof of loss to Defendant on June 12, 2008, and

that Defendant had thirty days from that date to pay Plaintiff her benefits

under the Policy.

3. <u>Amount Justly Due</u>.

To recover under Idaho Code § 41-1839(1), Plaintiff must show that

Defendant failed to pay her the amount justly due under the Policy within

thirty days after the date she furnished a proper proof of loss to Defendant.

Plaintiff contends that the $25,000 limit of her UIM benefits under

the Policy, plus the $10,000 in medical payments benefits, constituted the

amount justly due to her in this case, since her medical bills alone exceeded

---

[11]  The question of when a proof of loss is sufficient is ordinarily a question
of fact.  *Greenough v. Farm Bureau Mut. Ins. Co. of Idaho*, 130 P.3d 1127, 1131 (Idaho
2006).  However, "if the evidence reveals no disputed issues of material fact,
what remains is a question of law . . . ."  *Cordova v. Bonneville County Joint School
Dist. No. 93*, 167 P.3d 774, 777 (Idaho 2007) (quoting *Robinson v. Bateman-Hall,
Inc.*, 76 P.3d 951, 953 (Idaho 2003).

MEMORANDUM OF DECISION, PROPOSED FINDINGS OF FACT AND
CONCLUSIONS OF LAW - 21

those amounts.  Defendant, on the other hand, insists that it never agreed

with Plaintiff about what amount was justly due to Plaintiff under the

Policy, that Defendant voluntarily paid Plaintiff the $35,000, and thus, the

clock in Idaho Code § 41-1839 never began to run.

Accepting Defendant's interpretation would basically render Idaho

Code § 41-1839(1) a toothless statutory tiger.  Under Defendant's view, an

insurer could simply decline to agree with its insured about the amount

justly due, and then argue that lacking such an agreement, the statutory

payment deadline did not operate.  The Court declines to presume this sort

of result was intended by the Idaho legislature in adopting Idaho Code

§ 41-1839(1).

Defendant further contends that, absent an agreement, a jury or

arbitrator necessarily must determine what amount is "justly due."  It

argues that, in this case, a genuine question existed about whether Plaintiff

was entitled to $35,000, because only $25,000 of that amount was UIM

coverage.  The remaining $10,000 paid by Defendant to Plaintiff

MEMORANDUM OF DECISION, PROPOSED FINDINGS OF FACT AND
CONCLUSIONS OF LAW - 22

represented medical payments coverage, which is generally intended to be paid directly to medical providers, and which is what occurred in this case. Defendant argues that the fact that it later received reimbursement from Allstate for those medical benefits payments did not mean that Defendant should have to pay those medical benefits to Plaintiff directly.[12]  Therefore, Defendant contends, a jury or arbitrator's determination was necessary to arrive at the amount justly due.

Defendant's position is surely untenable.  For purposes of the statute, the amount that is "justly due" is determined either presently, when an insured accepts the amount offered by the insurance company, or retrospectively, after a jury or arbitrator determines the amount.  *See, Martin*, 61 P.3d at 605; *Walton v. Hartford Ins. Co.*, 818 P.2d 320 (Idaho 1991); *Brinkman*, 766 P.2d at 1231.  The Idaho Supreme Court has stated that the question of "what amount is 'just'" only arises when the plaintiff and the

---

[12]  Defendant takes this position despite the fact that the reimbursement it received from Allstate was deducted from the $25,000 liability coverage Allstate later paid to Plaintiff.

MEMORANDUM OF DECISION, PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW - 23

insurance company cannot agree." *Brinkman*, 766 P.2d at 1231. On the

other hand, if "the insurance company tenders an amount that is agreeable

to the plaintiff, the plaintiff will accept and that will be the end of it." *Id*.

Put another way,

> If the amount tendered by the insurer is
> unconditionally accepted by the insured, then it
> will represent the "amount justly due" and the
> case ends. . . . But if the insurance company
> makes no tender within thirty days, or makes a
> tender that is substantially less than the
> arbitrators' eventual award, the insurance
> company is liable for a reasonable amount of the
> insured's attorney fees, as compensation to make
> the insured whole.

*Martin*, 61 P.3d at 605.

Here, Defendant tendered $35,000 to Plaintiff, which she accepted as

the amount justly due to her for benefits under the Policy. Indeed, this was

the amount she sought to collect from Defendant from the beginning. The

fact that Defendant may have had internal misgivings about what amount

was due to Plaintiff under the Policy is of no consequence under these

MEMORANDUM OF DECISION, PROPOSED FINDINGS OF FACT AND
CONCLUSIONS OF LAW - 24

circumstances.[13]  The statute and case law do not require an agreement by

insured and insurer in advance of the payment.  If the insurer tenders an

amount that is accepted by the insured, the amount justly due is decided at

that moment.  Such was the case here.  Thus, the Court concludes that the

amount justly due was $35,000 – the amount paid by Defendant and

accepted by Plaintiff.

    4.  <u>Attorneys Fees</u>.

    The statute provides that in the event an insurer fails to pay the

amount justly due within thirty days after proof of loss has been furnished

by the insured, the insurer:

> shall in any action thereafter brought against the
> insurer in any court in this state for recovery
> under the terms of the policy, certificate or
> contract, pay such further amount as the court
> shall adjudge reasonable as attorney's fees in such
> action.

---

[13]  Indeed, *Martin* held that the thirty days "is not delayed or extended
while the insurer invokes the right to arbitration under the insurance contract."
*Martin*, 61 P.3d at 605.  Thus, it clearly would not be extended here while
Defendant decided upon what amount to tender to Plaintiff.

MEMORANDUM OF DECISION, PROPOSED FINDINGS OF FACT AND
CONCLUSIONS OF LAW - 25

Idaho Code § 41-1839(1).  As the Court has determined that, as a matter of law, Defendant failed to pay the amount justly due to her within thirty days of her submission to Defendant of a proper proof of loss, Plaintiff is entitled to recover reasonable attorneys fees from Defendant.

Plaintiff contends that because this Court previously granted the trustee's motion to employ Mr. Holzer as special counsel for the bankruptcy estate, and because the Court approved a one-third contingency fee for his services, then a fee equal to one-third of the amounts she recovered from Defendant in this action is "presumptively reasonable" here.  Adv. Docket No. 9.

Not so.  In obedience to the Idaho statute, the Court must "adjudge," not "presume," the reasonableness of Plaintiff's requested attorneys fees. To adjudge is not to presume.

In this respect, the Court agrees with Defendant that it must evaluate the reasonableness of Plaintiff's attorney fees utilizing the factors listed in Idaho Rule of Civil Procedure 54.  That rule provides for an award of

MEMORANDUM OF DECISION, PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW - 26

reasonable attorney fees "when provided for by any statute or contract."

*Id*.  The rule further provides:

> (3) Amount of Attorney Fees.  In the event the
> court grants attorney fees to a party or parties in a
> civil action it *shall* consider the following factors
> in determining the amount of such fees:
>> (A) The time and labor required.
>> (B) The novelty and difficulty of the questions.
>> (C) The skill requisite to perform the legal
>> service properly and the experience and
>> ability of the attorney in the particular field
>> of law.
>> (D) The prevailing charges for like work.
>> (E) Whether the fee is fixed or contingent.
>> (F) The time limitations imposed by the
>> client or the circumstances of the case.
>> (G) The amount involved and the results obtained.
>> (H) The undesirability of the case.
>> (I) The nature and length of the
>> professional relationship with the client.
>> (J) Awards in similar cases.
>> (K) The reasonable cost of automated legal
>> research (Computer Assisted Legal
>> Research), if the court finds it was
>> reasonably necessary in preparing a party's
>> case.
>> (L) Any other factor which the court deems
>> appropriate in the particular case.

Idaho R. Civ. P. 54(e)(3) (emphasis supplied).

MEMORANDUM OF DECISION, PROPOSED FINDINGS OF FACT AND
CONCLUSIONS OF LAW - 27

Moreover, as the Court reads Idaho Code § 41-1839(1),  Plaintiff is entitled to recover from Defendant only those reasonable attorneys fees and costs incurred for counsel's services in recovering from this Defendant. Defendant is not responsible to Plaintiff for payment of counsel fees or costs in connection with Plaintiff's pursuit of Patterson or Allstate.

Unfortunately, Plaintiff has afforded the Court no meaningful information to enable it to determine the amount of a reasonable attorney fee award in this context.  Thus, this remains a disputed issue of fact. Accordingly, while the Court concludes that Plaintiff is entitled to recover reasonable attorneys fees and costs from Defendant under Idaho Code § 41-1839(1), the amount of such fees and costs must yet be determined pursuant to Idaho Rule of Civil Procedure 54(e)(3).

5. <u>Prejudgment Interest</u>.

Idaho Code § 41-1839 does not provide for recovery of prejudgment by an insured based upon an insurer's untimely payment of benefits under a policy.  However, the Idaho cases have recognized an insured is entitled

MEMORANDUM OF DECISION, PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW - 28

to an award of prejudgment interest in this context pursuant to Idaho Code

§ 28-22-104, which provides in pertinent part:

> (1) When there is no express contract in writing
> fixing a different rate of interest, interest is
> allowed at the rate of twelve cents (12¢) on the
> hundred by the year on:
>     1.  Money due by express contract.

Idaho Code § 28-22-104(1); *Greenough*, 130 P.3d at 1130.

In this instance, Plaintiff is entitled to recover prejudgment interest

from Defendant, calculated from the date Defendant became obligated to

pay benefits to Plaintiff.  *Greenough*, 130 P.3d at 1131 ("In insurance cases

money becomes due as provided under the express terms of the insurance

contract").  Here, the Policy provided that Defendant was not obligated to

pay UIM benefits until Allstate had paid its policy limits.  As a result,

Plaintiff's award of prejudgment interest must be calculated beginning

from the date that Allstate paid the balance of its liability coverage to

Plaintiff.

Unfortunately, that date is not established in the record.  While an

MEMORANDUM OF DECISION, PROPOSED FINDINGS OF FACT AND
CONCLUSIONS OF LAW - 29

image of Allstate's check, dated June 13, 2008, has been reproduced in

Plaintiff's reply brief, that reproduction is not properly authenticated, and

cannot be considered evidence of this fact.  While the Court concludes that

Plaintiff may, as a matter of law, recover prejudgment interest from

Defendant, the precise amount of that interest remains a material issue of

fact.[14]

### Conclusion

For the reasons set forth above, based upon the undisputed material

facts, the Court concludes that Plaintiff is entitled to a summary judgment

for recovery of attorneys fees, costs and prejudgment interest from

Defendant.  Defendant's payment of the $35,000 in policy benefits to

Plaintiff on July 25, 2008 was not timely under the thirty-day window

---

[14]  Defendant contends that only the $25,000 UIM benefit was due under
the express terms of the contract, and thus that figure should provide the base
amount for the calculation of prejudgment interest.  The Court concludes, as a
matter of law, that the Policy obligated Defendant to pay a total of $35,000 in this
instance.  As such, $35,000 is the base amount for the prejudgment interest
calculation.

MEMORANDUM OF DECISION, PROPOSED FINDINGS OF FACT AND
CONCLUSIONS OF LAW - 30

provided by Idaho Code § 41-1839(1).

To determine if the Court can recommend that Plaintiff be awarded

a final judgment by the district court, Plaintiff shall be afforded twenty-one

(21) days from the date of this Memorandum in which to make additional

submissions of affidavits in support of its request for an award of attorneys

fees, costs and prejudgment interest.  If it desires to do so, Defendant shall

have fourteen (14) days thereafter to respond to Plaintiff's submissions.

Plaintiff shall have seven (7) days thereafter to reply.  No further hearing

or argument shall be allowed, and after the submissions are complete, any

remaining issues shall be deemed under advisement for decision.[15]

Dated: February 10, 2009



---

[15] By this provision, the Court is not inviting the parties to make any further arguments or submissions concerning the issues resolved by this Memorandum.  All further submissions should only address the amount of attorneys fees, costs and prejudgment interest Plaintiff may recover.  Of course, in the alternative, the need for further proceedings can be obviated by the submission of a stipulated order approved by counsel for the parties resolving the issues in this action, or at least resolving the amount of Plaintiff's reasonable attorneys fees, costs, and recoverable prejudgment interest.

MEMORANDUM OF DECISION, PROPOSED FINDINGS OF FACT AND
CONCLUSIONS OF LAW - 31

_____

Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION, PROPOSED FINDINGS OF FACT AND
CONCLUSIONS OF LAW - 32