UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

_____

| | |
|---|---|
| **In Re**<br><br>DARICE JONES,<br><br>**Debtor.** | **Bankruptcy Case<br>No. 07-01203-JDP** |
| DARICE JONES on behalf of herself and THE ESTATE OF DARICE JONES,<br><br>**Plaintiff,**<br><br>vs.<br><br>STATE FARM MUTUAL AUTO INSURANCE COMPANY,<br><br>**Defendant.** | **Adv. Proceeding No. 08-6050** |

_____

**SUPPLEMENTAL MEMORANDUM OF DECISION, FINDINGS OF FACT AND CONCLUSIONS OF LAW RE:  ATTORNEY FEES**

_____

*Introduction*

In a prior decision recommending disposition of a motion for summary judgment, this Court concluded that Plaintiff Darice Jones was

SUPPLEMENTAL MEMORANDUM OF DECISION - 1

entitled to recover reasonable attorneys fees and costs from Defendant State Farm Mutual Auto Insurance Co. pursuant to Idaho Code § 41-1839. Adv. Docket No. 31. However, the Court also concluded that in order to adjudge what amount of fees are reasonable, it must analyze Plaintiff's request in light of the factors listed in Idaho Rule of Civil Procedure ("Idaho Rule") 54(e)(3). Plaintiff's counsel had not submitted any documentation to support his fee request, but rather asserted his right to a one-third contingency fee. To perform a proper analysis of that request, the Court directed counsel to make further submissions to support his fee request. He did so. Adv. Docket No. 32. Defendant responded. Adv. Docket No. 33. The attorney fee issue is now properly presented, and this Memorandum represents this Court's disposition.

*Findings of Fact, Conclusions of Law and Disposition*

A. Attorneys Fees.

As noted in the prior decision, Plaintiff is entitled to recover from Defendant only those reasonable attorneys fees and costs incurred in recovering from this Defendant, and not those incurred in connection with

SUPPLEMENTAL MEMORANDUM OF DECISION - 2

Plaintiff's pursuit of Goldie L. Patterson or Allstate. It is Plaintiff's burden to demonstrate that the fees and costs Plaintiff has requested are reasonable.

### 1. Discussion of Idaho Rule 54(e)(3) Factors.

The Court will address each of the relevant factors listed in Idaho Rule 54(e)(3).

*Time and labor required*. This first factor is the crux of the issue raised in this case by the parties. Because Plaintiff and her attorney agreed to a contingency fee, Mr. Holzer apparently did not maintain contemporaneous time records for the services he provided to Plaintiff. In addition, in the submissions, Counsel did not attempt to estimate the hours he spent in seeking and obtaining relief from Defendant.[1] This hampers this Court's analysis of Plaintiff's attorney fee request significantly.

---

[1] Mr. Holzer's supplemental affidavit contains Exhibit A, which is a copy of an affidavit he filed in the state court case of *Parsons v. Mut. of Enumclaw Ins. Co.* Adv. Docket No. 32, Ex. A. It appears that in that case, Mr. Holzer likewise did not keep time records, but estimated that he had spent 25 to 30 hours preparing the case. *Id*. at ¶ 2. Counsel's affidavit filed in this action contains no such estimation, and the affidavit from the state court action contains little information relevant to Holzer's services in this action.

SUPPLEMENTAL MEMORANDUM OF DECISION - 3

*Novelty and difficulty of questions presented.* The questions presented in this action were not particularly novel or difficult.

*Requisite skill and attorney experience.* Mr. Holzer is a skilled, experienced personal injury lawyer, who was well-suited to handle Plaintiff's case.

*The prevailing charges for like work.* The Court appreciates that claimants in personal injury cases often employ contingency fee agreements with their attorneys. However, the Court declines to attempt to take judicial notice of those terms found in a "reasonable" contingency fee arrangement in the Boise area because the Court only rarely deals with such agreements. Fed. R. Evid. 201(a) (limiting judicial notice to "adjudicative facts"); 201(b) (providing that adjudicative facts are only those "generally known" or "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.").

*Fixed or contingent fee.* Mr. Holzer and Plaintiff entered into a contingency fee arrangement under which Counsel was entitled to receive one-third of any recovery.

SUPPLEMENTAL MEMORANDUM OF DECISION - 4

*Time limitations*.  There were no particular time limitations implicated in this action.

*The amount involved and the results obtained*.  Undoubtedly, to Plaintiff, who was injured in a car accident and suffered several financial strains, the amounts recoverable from Defendant in this action were substantial.  However, in comparison to most personal injury damage claims, it is fair to characterize the amounts in controversy here as relatively modest.

The results obtained in this action for Plaintiff by her attorney were as much she could have anticipated.  Mr. Holzer successfully recovered the full amount available to her from Defendant.

*The undesirability of the case*.  Other than the relatively small amount in controversy, the Court does consider Plaintiff's claim against Defendant to have been significantly undesirable.

*The nature and length of the professional relationship with the client*.  Plaintiff and Mr. Holzer had no prior professional relationship.  The accident giving rise to Plaintiff's claims occurred on March 3, 2004.

*Awards in similar cases*.  The Court has read the *Parsons v. Mutual of*

SUPPLEMENTAL MEMORANDUM OF DECISION - 5

*Enumclaw* information provided by Mr. Holzer, wherein a state court awarded a full one-third contingency fee, even though the time from the end of the thirty-day deadline to the eventual payment by the insurance company was only seventeen days. However, the fact that "an award of attorney fees is made to a party does not necessarily require the amount to be limited by the party-attorney agreement." *Harris v. Alessi*, 120 P.3d 289, 299 (Idaho Ct. App. 2005). Indeed, courts frequently deviate from the amount of a contingency fee in the exercise of discretion, and often award more or less than the fees provided in the agreement. *See Young v. State Farm Mut. Auto. Ins. Co.*, 898 P.2d 53, 59 (Idaho 1995) (awarding one-half of the contingency fee amount); *Harris*, 120 P.3d at 298 (awarding approximately 50 percent more than provided under the contingency fee agreement).

*Automated legal research*. Mr. Holzer has not indicated he utilized automated legal research services.

*Other relevant factors*. None have been highlighted by the parties in their submissions, nor has the Court identified any other relevant factors.

SUPPLEMENTAL MEMORANDUM OF DECISION - 6

2. Application of Factors.

The amount of an attorney fee award rests within the Court's discretion. *Bott v. Idaho State Bldg. Auth.*, 917 P.2d 737, 749 (Idaho 1996); *Harris*, 120 P.3d at 298. Considering the factors discussed above, the Court is left in a quandary. While it is evident that Mr. Holzer expended his time and efforts on Plaintiff's behalf, the Court is uncomfortable relying solely upon the contingency fee agreement in determining a reasonable attorney fee award. As noted above, that agreement is only one factor to be considered by the Court. *Ada County Highway Dist. v. Acarrequi*, 673 P.2d 1067, 1072 (Idaho 1983) (cautioning "that the court should not automatically adopt any contingent fee or contractual arrangement, but rather the fee awarded may be more or less than that provided in the lawyer-client contract."). Unfortunately, Mr. Holzer has given the Court little additional information about his services upon which to base a fee award. As a result, the Court must necessarily rely upon its own estimates of the attorney time and labor involved in representing Plaintiff in this action.

A review of the Court's adversary docket reveals that Plaintiff's

SUPPLEMENTAL MEMORANDUM OF DECISION - 7

lawyer obviously prepared and filed the adversary complaint, which was then amended after Defendant paid the amount "justly due." Counsel also responded to Defendant's motion to dismiss, and prepared and filed a summary judgment motion and supporting memoranda on his client's behalf. He also filed an affidavit in support of the summary judgment motion, which indicates that several letters and emails were exchanged with the various representatives of Defendant. It is also clear from the record that Mr. Holzer spent time attempting to educate Defendant's representatives in how to access and utilize this Court's PACER system. Finally, Counsel participated at the hearing and oral argument concerning both Defendant's motion to dismiss and Plaintiff's motion for summary judgment.

While this approach is less than precise, the Court estimates that Mr. Holzer devoted at least 25 hours in representing Plaintiff in this adversary proceeding. Employing an hourly rate of $175$^2$ for those services, the Court

---

[2] Unlike estimating the amount of time involved in providing the services, the Court is extremely comfortable in selecting an appropriate hourly rate for legal services, based upon its frequent opportunities to consider fee requests in a

SUPPLEMENTAL MEMORANDUM OF DECISION - 8

concludes that $4,375 constitutes a reasonable attorneys fee award in this action.

No costs have been requested, therefore none will be awarded.

B.  Prejudgment Interest.

The Court also determined that Plaintiff was entitled to an award of prejudgment interest on the amount recovered in this action pursuant to Idaho Code § 28-22-104, calculated from the date Allstate paid the balance of its liability coverage to Plaintiff.  However, that precise date was not established in the record because the image of the payment check from Allstate submitted to the Court was merely inserted in a brief, and not properly authenticated as an evidentiary exhibit.

Any evidentiary issues with this check have now been adequately addressed in Mr. Holzer's most recent affidavit, wherein he states that he is personally familiar with the Allstate check, that he received it and was involved with its processing and deposit, and that the copy provided was

---

wide variety of contexts in bankruptcy cases, and actions arising in or related to those cases.

SUPPLEMENTAL MEMORANDUM OF DECISION - 9

true and correct. *See* Fed. R. Evid. 901, 1003. Thus, the Court finds that Allstate paid the balance of its liability coverage on June 13, 2008, which in turn triggered Defendant's duty to pay Plaintiff pursuant to the underinsured motorist policy.

Forty-two days elapsed between June 13 and July 25, 2008, the date Defendant paid the underinsured policy limits to Plaintiff. Thus, pursuant to the Idaho statute, $483 in prejudgment interest should be awarded to Plaintiff.[3]

## *Conclusion*

Plaintiff is entitled to recover reasonable attorneys fees from

---

[3] The amount is calculated as follows: $35,000 x 12% per annum = $4,200 ÷ 365 days/year = $11.50 x 42 days = $483.

SUPPLEMENTAL MEMORANDUM OF DECISION - 10

Defendant in the amount of $4,375, together with prejudgment interest in

the amount of $483.

Dated: April 9, 2009

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

SUPPLEMENTAL MEMORANDUM OF DECISION - 11